UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CHRIS PAGOTO,                                                    Case No.:

                 Plaintiff,                    **COMPLAINT WITH**
      -vs.-                                               **JURY DEMAND**

MY BOYS CONTRACTING INC., DANIEL YILANES,
KEVIN MYHRE, and DEBORAH MYHRE

               Defendants.
-----------------------------------------------------------------------X

Plaintiff, CHRIS PAGOTO (hereinafter "Plaintiff") by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against MY BOYS CONTRACTING INC. ("My Boys Contracting"), DANIEL YILANES ("Dan Yilanes"), KEVIN MYHRE ("Kevin Myhre"), and DEBORAH MYHRE ("Deb Myhre") (together "Defendants"), allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' flagrant and willful violations of Plaintiff's rights guaranteed to him by: (1) the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §215; (2) the anti-retaliation provision of the New York Labor Law ("NYLL"), §215; (3) the requirement that employers provide on each payday accurate wage statements to their employees containing specific categories of accurate information pursuant to NYLL §195(3); (4) the requirement that Defendants pay Plaintiff all wages owed under the NYLL; (5) the requirement that Defendants not make illegal deductions from Plaintiff's wages under the NYLL; (6) the requirement that Defendants timely pay Plaintiff wages due and owing to him; (7) the overtime provisions of the FLSA, 29 U.S.C. §

1

207; (8) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (9) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142 *et seq.*; (10) the NYLL's minimum wage provisions, NYLL § 652(1); and (11) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

4. At all relevant times herein, Plaintiff is an individual residing in Suffolk County, New York.

5. At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

6. At all relevant times herein, My Boys Contracting was and is a domestic limited liability company with its principal place of business located at 487 Lombardy Boulevard, Brightwaters, NY 11718.

7. Upon information and belief, Defendant Dan Yilanes has been a principal, officer and/or manager of My Boys Contracting.

2

8.      Upon information and belief, Defendant Dan Yilanes' actual place of business is located at 487 Lombardy Boulevard, Brightwaters, NY 11718.

9.      Upon information and belief, Defendant Dan Yilanes owns more than ten percent of My Boys Contracting by beneficial interest.

10.     Prior to the filing of this action, Defendant Dan Yilanes was served with a notice pursuant to N.Y. BCL Law § 630.

11.     By operation of law, pursuant to the notices above, Defendant Dan Yilanes is personally liable for unpaid wages to the Plaintiff.

12.     Upon information and belief, Defendant Kevin Myhre has been a principal, officer and/or manager of My Boys Contracting.

13.     Upon information and belief, Defendant Kevin Myhre's actual place of business is located at 487 Lombardy Boulevard, Brightwaters, NY 11718.

14.     Upon information and belief, Defendant Kevin Myhre owns more than ten percent of My Boys Contracting by beneficial interest.

15.     Prior to the filing of this action, Defendant Kevin Myhre was served with a notice pursuant to N.Y. BCL Law § 630.

16.     By operation of law, pursuant to the notices above, Defendant Kevin Myhre is personally liable for unpaid wages to the Plaintiff.

17.     Upon information and belief, Defendant Deb Myhre has been a principal, officer and/or manager of My Boys Contracting.

18.     Upon information and belief, Defendant Deb Myhre's actual place of business is located at 487 Lombardy Boulevard, Brightwaters, NY 11718.

3

19. Upon information and belief, Defendant Deb Myhre owns more than ten percent of My Boys Contracting by beneficial interest.

20. Prior to the filing of this action, Defendant Deb Myhre was served with a notice pursuant to N.Y. BCL Law § 630.

21. By operation of law, pursuant to the notices above, Defendant Deb Myhre is personally liable for unpaid wages to the Plaintiff.

22. At all relevant times herein, Defendants were each an "employer" within the meaning of the FLSA, NYLL, and the NYCRR.

23. Upon information and belief, for the calendar year 2022 the gross receipts of My Boys Contracting were not less than $500,000.00.

24. Upon information and belief, for the calendar year 2023 the gross receipts of My Boys Contracting were not less than $500,000.00.

25. Upon information and belief, for the calendar year 2024 the gross receipts of My Boys Contracting were not less than $500,000.00.

26. Upon information and belief, for the calendar year 2025 the gross receipts of My Boys Contracting will not be less than $500,000.00.

27. At all relevant times herein, Defendants Dan Yilanes, Kevin Myhre, and Deb Myhre were the day to day overseers of My Boys Contracting.

28. Upon information and belief, Defendants Dan Yilanes, Kevin Myhre and Deb Myhre each signed contracts on behalf of My Boys Contracting.

29. Upon information and belief, Defendants Dan Yilanes, Kevin Myhre, and Deb Myhre had the ability to hire and fire My Boys Contracting employees.

4

30.    Defendants Dan Yilanes, Kevin Myhre, and Deb Myhre controlled the terms of the Plaintiff's employment in that they would tell Plaintiff what tasks to complete and what time frame they needed to be completed.

31.    Defendants Dan Yilanes, Kevin Myhre, and Deb Myhre required Plaintiff to give regular status updates concerning the work Plaintiff was completing.

32.    Defendants Dan Yilanes, Kevin Myhre, and Deb Myhre controlled the work schedule of My Boys Contracting employees, including the work schedules of Plaintiff.

33.    Defendants Dan Yilanes, Kevin Myhre, and Deb Myhre controlled the rates and methods of payment for each of My Boys Contracting employees, including the Plaintiff's pay rates and methods of pay.

34.    Upon information and belief, and at all times herein pertinent, Defendants Dan Yilanes, Kevin Myhre, and Deb Myhre exercised close control over the managerial operations of My Boys Contracting, including the policies and practices concerning employees.

35.    At all times herein pertinent, Defendants Dan Yilanes, Kevin Myhre, and Deb Myhre controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of My Boys Contracting in general, and with respect to the Plaintiff in particular.

36.    At all times herein pertinent, Defendants Dan Yilanes, Kevin Myhre, and Deb Myhre acted as the Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

37.    My Boys Contracting engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business, much of which originated in states other than New York, the combination of which subjects it to the FLSA's retaliation, minimum wage and

overtime wage requirements as an enterprise.  Upon information and belief, these supplies include, but are not limited to, lumber, bricks, cement, cellular phones, and laptops.

38.    Defendants' employees, including Plaintiff, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce.  This independently subject Defendants to the wage requirements of the FLSA with respect to Plaintiff.

39.    Defendants' employees, including Plaintiff, used email and telephone multiple times per day in the course of their duties. This includes, but is not limited to, using email, and telephone to secure sales for Defendants.

40.    At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, cell phones, and laptops.

## BACKGROUND FACTS

41.    Defendant My Boys Contracting is a contractor which builds, renovates, and remodels homes and businesses on Long Island.

42.    At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

43.    Defendants Dan Yilanes, Kevin Myhre and Deb Myhre hired Plaintiff to begin working for My Boys Contracting on or about May 22, 2024.

44.    Plaintiff worked for Defendants as a Sales Representative, from on or about May 22, 2024 until on or about January 17, 2025.

45.    Plaintiff was not required to have any specific license or education to work for Defendants.

46.     Plaintiff was not required to have any prior experience in sales before he began working for Defendants.

47.     Throughout his employment with the Defendants, Plaintiff's job duties included, but were not limited to, generating new sales leads, and tapping into new markets for Defendants.

48.     As part of his employment with Defendants, Plaintiff was required to attend meetings with the Defendants every Thursday morning.

49.     As part of his employment with Defendants, Plaintiff was required to make sales over the phone and internet from his home.

50.     Upon information and belief, Plaintiff did not make any sales at client or prospective client sites, rather all sales were made using the phone and internet from Plaintiff's home.

51.     As part of his employment with Defendant Plaintiff was required to work – and did in fact work – Monday through Sunday from 8:00AM until 11:00PM.

52.     As part of his employment with Defendants, Plaintiff was required to engage with Defendants current and prospective clients using Defendants' social media accounts, including, but not limited to, Instagram.

53.     As part of his employment with Defendants, they issued Plaintiff a My Boys Contracting email address. This email address was chrisp.myboys@gmail.com.

54.     As part of his employment with Defendants, Defendants required Plaintiff to be paid via direct deposit.

55.     Plaintiff was required to coordinate any time off, vacation, or sick leave with Defendants.

56.    Plaintiff had no opportunity to invest in My Boys Contracting and received absolutely no ownership stake in My Boys Contracting.

57.    Defendants were responsible for billing customers as well as receiving funds from their customers.

58.    For his labor, Defendants agreed to pay the Plaintiff an annualized salary of $100,000.00 payable on a weekly basis.

59.    Although he worked diligently for the Defendants, Plaintiff only received his paychecks until August 13, 2024.

60.    Defendants **did not pay** the Plaintiff from on or about August 13, 2024, until Plaintiff's termination on January 17, 2025.

61.    Plaintiff did not receive the statutory minimum wage for all hours worked.

62.    Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week, but never received an overtime premium of one an done half times his regular rate of pay and/or the statutory minimum wage for those hours.

63.    Because he was not being paid any wages, Mr. Pagoto complained to the Defendants about their failure to pay wages in compliance with the law. Specifically, Mr. Pagoto complained to Defendants about their failure to pay him and other employees any wages at least 2 times per month. In these complaints, Mr. Pagoto specifically mentioned that he and other employees were not even being paid the applicable minimum wage.

64.    In response to his complaints, Defendants routinely stated that the delay in payroll was due to new projects being delayed and that they would personally guarantee Plaintiff's wages as soon as they received funds that were due and owing to the Defendants.

65.    From August 13, 2024, until his termination, Defendants failed to provide Plaintiff with any wage statements that properly reflected the amount of hours that he actually worked, his regular rate of pay, or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

66.    Despite Plaintiff's repeated complaints about Defendants paying him improperly (i.e., not paying compensation due to him), Defendants willfully failed to pay Plaintiff properly. Indeed, they acted in the manner described herein to maximize their profits while minimizing their labor costs.

67.    Within thirty days of Mr. Pagoto final complaint of not being properly paid, the Defendants terminated Mr. Pagoto's employment.

68.    Defendants terminated Mr. Pagoto without cause.

69.    Defendants terminated Plaintiff to retaliate against him for complaining of Defendants' illegal practice of failing to pay his earned wages.

70.    Upon information and belief and further showing the Defendants' retaliatory intent and lack of good faith, after Mr. Pagoto's termination, Defendants reported to the Department labor that he did not *earn* any wages in the final quarter of 2024, thereby lowering the amount of unemployment insurance benefits he could claim.

71.    Upon information and belief, Defendants' failure to provide accurate wage statements has prevented Plaintiff from taking appropriate action to obtain the payments due to him.

72.    Despite Plaintiff's repeated complaints about Defendant paying him improperly, Defendants willfully failed to pay Plaintiff his earned wages. Indeed, they acted in the manner described herein to maximize their profits while minimizing their labor costs.

9

73.     Every hour that Plaintiff worked was for Defendant's benefit.  Despite complaining about not being paid properly, Defendants continued violating his rights and the FLSA and NYLL.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the FLSA*

74.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

76.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff is an employee within the meaning of the FLSA.

77.     As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

78.     Due to the Defendants' violation of the FLSA's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, and costs.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL*

79.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.     Section 215 of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint relating to improper payment of wages under the NYLL and/or for engaging in protected activity under the NYLL.

81.     As described above, Defendants are employers within the meaning of the NYLL while Plaintiff is an employee within the meaning of the NYLL.

82.     As also described above, Defendants retaliated against Plaintiff for engaging in protected activity under the NYLL.

83.     Due to the Defendants' violation of the NYLL's anti-retaliation provisions, Plaintiff is entitled to compensatory damages, back pay, front pay, employee benefits Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, liquidated damages, attorneys' fees, costs and interest as permitted by law.

84.     At or before the filing of this Complaint, Plaintiff has served notice of the action upon the Office of the New York State Attorney General.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Wage Statements in Violation of the NYLL*

85.     Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

86.     NYLL §195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

87.     As described above, the Defendants willfully failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

11

88.     Defendants are liable to the Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Timely Pay Wages in Violations of N.Y Lab. Law § 191*

89.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

90.     Under N.Y. Labor Law § 191(1)(d), Defendant was to pay the Plaintiff all the wages due "not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

91.     Defendants failed to pay Plaintiff all wages due and owing to the Plaintiff.

92.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unlawful Deduction From Wages in Violation of N.Y Lab. Law § 193*

93.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

94.     Under N.Y. Labor Law § 193, as amended, it is unlawful for an employer to make deductions from the wages of an employee, unless those deductions are (a) made in accordance with a law or a governmental agency rule or regulation, (b) expressly authorized in writing by the employee and are for the benefit of the employee, (c) related to recovery of an overpayment of

wages where such overpayment is due to a mathematical or other clerical error by the employer; or (d) related to advances of salary or wages made by the employer to the employee.

95.     At all relevant times herein, the parties had an agreement pursuant to which Plaintiff would be entitled to compensation, and/or the actual policy and practice of Defendants established that Plaintiff was entitled to compensation.

96.     Within the applicable statute of limitations, Defendants unlawfully and willfully deducted some or all the wages earned by Plaintiff.

97.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Wages in Violations of N.Y Lab. Law §§ 190, et seq.*

98.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

99.     Plaintiff was an employee of the Defendants as defined in N.Y. Labor Law § 190.

100.    Defendants are Plaintiff's employers as the term is defined in N.Y. Labor Law § 190.

101.    Defendants knowingly failed to pay Plaintiff his earned wages in accordance with the agreed upon terms of his employment agreement and as required by statute, in violations of N.Y. Labor Law § 190.

102.    Defendants' failure to pay Plaintiff's earned wages was willful.

103.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of commission wages, in an amount to be established at trial, plus interest, liquidated damages, attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Minimum Wage in Violation of the FLSA*

104.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

105.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

106.    Defendants have failed to pay the proper statutory minimum wage to which Plaintiff was entitled under the FLSA.

107.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

108.    Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

109.    As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other appropriate compensation.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Overtime in Violation of the FLSA*

110.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

111.    Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay and/or the statutory minimum wage for all hours worked over forty (40) in a given workweek.

112.    Defendants failed to pay the Plaintiffs the overtime wages to which the Plaintiff was entitled under the FLSA.

113.    All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

**NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Minimum Wage in Violation of the NYLL*

114.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

115.    At all times herein pertinent, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

116.    Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

117.    The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

118.    Defendants have failed to pay the Plaintiff the proper minimum wages to which he was entitled under the New York Labor Law.

15

119.    By Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

### TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Overtime in Violation of the NYLL*

120.    The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

121.    At all times herein pertinent, the Plaintiff is and was an employee of Defendants within the meaning of the New York Labor Law.

122.    Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

123.    The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

124.    Defendants have failed to pay the Plaintiff the overtime wages to which he is entitled under the New York Labor Law.

125.    By Defendants' failure to pay the Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

### DEMAND FOR A JURY TRIAL

126.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the Defendant as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendant and its agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendant from any retaliation against any individual for participating in any form in this lawsuit;

d.      All damages that Plaintiff has sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

e.      Awarding Plaintiff unpaid minimum and overtime wages;

f.      Awarding Plaintiff back pay for unpaid wages due and owing to Plaintiff;

g.      Awarding back for unlawful deductions due and owing to the Plaintiff;

h.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i.      Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, and all other benefits he would have expected to earn during his entire lifetime had it not been for Defendants' unlawful discrimination;

j.      Awarding damages to the Plaintiff to make them whole for any losses suffered as a result of such unlawful employment practices;

17

k.    Awarding Plaintiff compensatory damages for mental and emotional distress, pain and suffering as well as injury to his reputation in an amount to be proven at trial;

l.    Awarding Plaintiff punitive damages;

m.    Awarding Plaintiff costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

n.    Pre-judgment and post-judgment interest, as provided by law;

o.    Awarding all remedies Plaintiff is entitled to under the aforementioned statutes; and

p.    Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
            February 17, 2025

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Amit Kumar (AK 0822)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
akumar@Cafaroesq.com